IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID A. BLANK *et al.*,          *

   Plaintiffs                      *

v.                                *     CIVIL NO. JKB-16-3735

ROBERT W. NESS *et al.*,          *

   Defendants                      *

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

*I. Background*

Plaintiffs David A. Blank and Sandra W. Blank, acting *pro se*, filed this lawsuit against Defendants Robert W. Ness, Elaine S. Ness, and RWN Holdings, LLC, alleging fraud and breach of contract. (Compl., ECF No. 1.) Following Defendants' motion to dismiss for failure to state a claim and improper venue (ECF No. 5), Plaintiffs filed an amended complaint (ECF No. 10) as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). The amended complaint, which rendered moot Defendants' motion to dismiss, prompted another motion to dismiss raising grounds of failure to state a claim, improper venue, and lack of personal jurisdiction. (ECF No. 13.) Roughly a month and a half later, the Blanks filed a second amended complaint (ECF No. 29) without Defendants' consent and without leave of court, contrary to Rule 15(a)(2). Now pending before the Court are Defendants' motion (ECF No. 31) to dismiss the second amended complaint and the Blanks' motion (ECF No. 35) for leave to file a third amended complaint. The motions are briefed (ECF Nos. 37, 38) and ready for decision. No hearing is necessary. Local Rule 105.6 (D. Md. 2016).

The second amended complaint will be stricken due to its improper filing. As a result, the amended complaint is the operative complaint.[1] However, Defendants' argument contained in the pending motion to dismiss will be considered as to the proposed third amended complaint, in addition to their opposition thereto. The Blanks' motion will be granted and Defendants' motion will be granted in part and denied in part.

## II. Applicable Legal Standards

### A. Standard for Motion to Amend

Since no scheduling order has been entered, the Court has not yet set a deadline for filing motions for amendment of pleadings. Consequently, the Blanks' motion for permission to amend the complaint is governed by Rule 15(a), which directs the Court to "freely give leave when justice so requires." The Fourth Circuit has stated that leave to amend under Rule 15(a) should be denied only in three situations: when the opposing party would be prejudiced, when the amendment is sought in bad faith, or when the proposed amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). A proposed amendment is considered futile if it cannot withstand a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

### B. Standard for Motion to Dismiss for Lack of Personal Jurisdiction

A motion to dismiss under Rule 12(b)(2) is a test of the Court's personal jurisdiction over the defendant. "[W]hen, as here, the court addresses the question [of personal jurisdiction] on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a *prima facie* showing of a sufficient

---

[1] Thus, the Defendants before the Court based on the amended complaint are Robert W. Ness, Elaine S. Ness, and RWN Holdings, LLC. The latter two were terminated after they were not named in the second amended complaint; but because the second amended complaint was improperly filed, their termination was incorrect. In the Blanks' proposed third amended complaint, they have named only Robert W. Ness and RWN Holdings, LLC, as Defendants. Although Elaine S. Ness will remain a terminated party, the Clerk will be directed to amend the docket as to the date of her termination.

2

jurisdictional basis to survive the jurisdictional challenge." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). Objections to personal jurisdiction can be waived if they were available to the defendant and not raised in the defendant's first motion to dismiss under Rule 12(b). *See* Fed. R. Civ. P. 12(h).

### C. Standard for Motion to Dismiss for Improper Venue

A motion to dismiss under Rule 12(b)(3) "requires a similar inquiry to that of Rule 12(b)(2)." *Trimgen Corp. v. Iverson Genetic Diagnostics, Inc.*, Civ. No. RDB-14-2850, 2015 WL 2165118, at *2 (D. Md. May 7, 2015). The burden of establishing proper venue is on the plaintiff, *id.*, and "all inferences must be drawn in favor of the plaintiff." *Silo Point II LLC v. Suffolk Const. Co., Inc.*, 578 F. Supp. 2d 807, 809 (D. Md. 2008) (quoting *Sun Dun, Inc. of Washington v. Coca-Cola Co.*, 740 F. Supp. 381, 385 (D. Md. 1990)).

### D. Standard of Motion to Dismiss for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556

U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## III. Analysis

Whether a third amended complaint should be allowed is intertwined with the question of whether it would survive a motion to dismiss under Rule 12. As will be explained below, the Court concludes Defendants have waived the defense of lack of personal jurisdiction and their defense of improper venue is without merit. The Blanks' factual allegations will be discussed, in turn, as to those issues and, later, as to the question of whether the third amended complaint states a claim for relief.

### A. *Personal Jurisdiction*

The defense of lack of personal jurisdiction, which is permitted by Rule 12(b)(2), can be waived by a failure to raise it in a timely fashion. Under Rule 12(h)(1)(A), a party waives this defense by "omitting it from a motion in the circumstances described in Rule 12(g)(2)." With exceptions inapplicable to the instant case, Rule 12(g)(2) mandates a limitation on additional motions under Rule 12(b): "[A] party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Taken together, these two provisions result in a "strict waiver policy" for the defense of lack of personal jurisdiction if not raised in the first motion to dismiss under Rule 12 and if it was available at that time. *Laneheart v. Devine*, 102 F.R.D. 592, 594 (D. Md. 1984). *See also Rowley v. McMillan*, 502 F.2d 1326, 1333 (4th Cir. 1974) ("An unasserted defense *available* at the time of response to an initial pleading may not be asserted when the initial pleading is amended." (Emphasis added.)); *Muench Seidel v. Kirby*, Civ. No. JKB-17-

4

292, 2017 WL 4865486, at *3 (D. Md. Oct. 26, 2017) (applying policy to second motion to dismiss when filed subsequent to amended complaint). Thus, the only exception to this strict waiver policy allows a subsequent Rule 12 motion to raise the defense of lack of personal jurisdiction if the defense was unavailable at the time the first Rule 12 motion was filed. Consequently, the Court's only focus in this regard is upon the availability *vel non* of Defendants' belated defense of lack of personal jurisdiction when they filed their first Rule 12 motion.

Defendants are nonresidents of the State of Maryland, but may be subject to personal jurisdiction here pursuant to Maryland's long-arm statute and consistent with the federal constitutional guarantee of due process. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396-97 (4th Cir. 2003). Two types of personal jurisdiction exist: general jurisdiction, based upon continuous and systematic activities by a defendant in the state, and specific jurisdiction, premised upon a defendant's contacts with the forum state when the suit arises out of those specific contacts. *Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 754 (2014). If a plaintiff has made a showing of either type, then personal jurisdiction is established. As in *Muench Seidel*, the Court need not consider whether the Blanks' subsequent amended complaint established specific jurisdiction over Defendants because the initial pleading clearly showed this suit was brought in Maryland against them, when they could have claimed then a lack of substantial connections with Maryland; the basis for such a challenge to general jurisdiction was plainly within their ken when Defendants filed their motion to dismiss the original complaint. Therefore, the defense of lack of personal jurisdiction was available when the first motion to dismiss was filed, and Defendants waived the defense by failing to raise it then. *See Muench Seidel¸* 2017 WL 4865486, at *3 ("By not raising this defense in their first

Rule 12(b) motion in this case, Defendants consented to general personal jurisdiction and there is no need to determine whether specific personal jurisdiction is proper."). Defendants' motion to dismiss on this ground will be denied.

### B. Venue

According to 28 U.S.C. § 1391(b), venue is proper in a district when suit is brought in any of the following:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

According to the proposed third amended complaint ("TAC"), Robert W. Ness resides in Lafayette, Louisiana, and RWN Holdings, LLC ("RWN Holdings"), "is a limited liability company existing by virtue of the laws of the State of Texas with its principal place of business located in Lafayette, Louisiana." (TAC ¶¶ 4, 5.) The Blanks also allege that Ness is the sole member of RWN Holdings. (*Id.* ¶ 13.) Since Defendants do not reside in Maryland, venue is not proper here if based strictly on § 1391(b)(1).

However, the factual allegations of the TAC indicate that the alleged fraud and alleged breach of contract about which the Blanks complain were the result of several years of communications between the Blanks and Ness in which they explored various proposals for collaborating together in business ventures and that the Blanks were in Maryland during those dealings. (TAC ¶ 15, 85.) Further, the essence of Defendants' misconduct, as alleged by the TAC, is Ness's successful solicitation of a short-term loan from the Blanks, which they provided

6

by wiring $250,000 from their Maryland savings account to the Nesses in Louisiana; in turn, the repayment was supposed to have been by wire transfer back into the Blanks' Maryland account. (*Id.* ¶¶ 7, 14, 16-17, 19-20.) As a result, the District of Maryland is where "a substantial part of the events or omissions giving rise to the claim occurred," in the language of § 1391(b)(2), and venue is proper in this district. Although venue may have also been proper in Louisiana by virtue of § 1391(b)(1) due to the residencies of Defendants, the Court need not concern itself with whether Maryland or Louisiana is the "best venue." *See Muench Seidel*, 2017 WL 4865486, at *5 (citing *Kelly v. Qualitest Pharms., Inc.*, No. CIV-F-06-116 AWI LJO, 2006 WL 2536627, at *8 (E.D. Cal. Aug. 21, 2006)). It is sufficient that Maryland is a proper venue for the suit. *See Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) ("it is possible for venue to be proper in more than one judicial district."). Thus, Defendants' motion to dismiss on this ground is without merit and will be denied.

### C. *Sufficiency of Complaint's Allegations*

The TAC is one hundred pages long and is notable for its verbosity and redundancy. Further, it includes considerable argument, which does not belong in a complaint. In sum, the complaint is neither "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a)(2), nor "simple, concise, and direct," Rule 8(d)(1). Nevertheless, in discharging its duty to construe *pro se* pleadings liberally, the Court has waded through the morass of allegations and has found therein cognizable claims for relief. Even so, the Blanks' exhaustive attempts to create multiple enforceable contracts out of what is essentially one promissory note are incomprehensible. And the Blanks' additional efforts to cast Ness's communications with them subsequent to his default on the promissory note as separate frauds are equally unavailing. Moreover, although the Blanks try to hold RWN Holdings responsible

7

for the damage they claim, the TAC utterly fails to show any action of any kind by that entity, including either perpetration of fraud or formation of a subsequently-breached contract. Nor did any of Ness's communications suggest he was acting on behalf of the corporate entity. Indeed, the Blanks indicate they did not know RWN Holdings existed until well after the operative events took place. (TAC ¶¶ 86, 87.) Apparently, the only reason the Blanks want RWN Holdings to be a defendant in the case is because they want to satisfy any judgment they receive by going against the property believed to be owned in Texas by the LLC, which is solely owned by Ness. (TAC ¶ 11.) But that does not require that RWN Holdings actually be a defendant in the case, and it cannot substitute for alleging actionable misconduct by the LLC. Finally, the TAC's other shortcoming is that the Blanks fail to plead breach of a *legal* duty—as opposed to a moral duty—by Ness such that their claim of negligence is cognizable.

What the TAC does adequately allege is that Ness relied upon his relationship of several years with the Blanks to create an aura of trust that he parlayed into a loan of $250,000 to pursue a rather fanciful "opportunity" involving the purchase of diamonds in Sierra Leone, which required the services of two individuals who were formerly in military special forces to secure the diamonds and then to carry them to the airport where they would get on an airplane to Paris. (TAC ¶¶ 1, 7-8, 15.) The loan, memorialized in an "Agreement between Friends" that was signed by David Blank and Ness and dated March 11, 2014, required Ness to repay the loan, without interest, within two months of receipt. (Agreement, ECF No. 10-2; TAC ¶¶ 14-15.) Remarkably, the Sierra Leone "operation" failed, and Ness defaulted. He made some subsequent payments on the loan, but still owes approximately $202,000. (TAC ¶ 186.) Thus, the Blanks have sufficiently pled Ness's fraud in the inducement,[2] breach of contract, and unjust

---

[2] Under Maryland law, one claiming fraud must show

enrichment.³ Those viable counts are embodied in Count I, Count II, and Count IX. The other counts fail to state a claim for relief and will be dismissed.

*IV. Conclusion*

Defendants waived their challenge to personal jurisdiction by failing to assert the defense in their first motion under Rule 12(b). Their argument as to improper venue is without merit. Plaintiffs' motion to file a third amended complaint will be granted, but all counts other than Count I, Count II, and Count IX will be dismissed for failure to state a claim for relief. The Clerk will be directed to amend the docket as to the date on which Defendants RWN Holdings LLC and Elaine Ness were terminated as parties in the case. A separate order follows.

DATED this 19th day of March, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge

---

(1) that defendant made a misrepresentation of a material fact which was false; (2) that its falsity was known to him; (3) that defendant made the misrepresentation for the purpose of defrauding plaintiff; (4) that plaintiff not only relied upon the misrepresentation but had the right to do so and would not have done the thing from which the damage resulted if it had not been made; and (5) that plaintiff suffered damage from defendant's misrepresentation.

*Finch v. Hughes Aircraft Co.*, 469 A.2d 867, 888 (Md. Ct. Spec. App. 1984).

³ The unjust enrichment claim will only succeed if the breach of contract claim fails due to invalidity of the promissory note. *See Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 607 (Md. 2000) ("The general rule is that no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests."). It is too early in the proceeding to opine whether the promissory note is a valid contract.