IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**DAVID A. BLANK et al.,**

　　**Plaintiffs**

　　v.　　　　　　　　　　　　　　　　　　　　　CIVIL NO. JKB-16-3735

**ROBERT W. NESS,**

　　**Defendant**

## MEMORANDUM

### I. Background

Now pending before the Court is Plaintiffs' Motion for Partial Summary Judgment for First Cause of Action of Third Amended Complaint. (ECF No. 48.) The first count is for breach of contract, specifically, a promissory note. (Third Amended Complaint ("TAC") ¶¶ 72-79, ECF No. 43.) Defendant Robert W. Ness has responded in opposition to Plaintiffs' request for interest on the first count, but consents to judgment being entered on the unpaid principal of $202,000. (ECF No. 50.) Plaintiffs' reply has been filed, and the motion is ripe for decision. No hearing is necessary. Local Rule 105.6 (D. Md. 2016). The motion will be granted.

### II. Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If

sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

## *III. Analysis*

Plaintiff David A. Blank ("Blank") and Defendant Robert W. Ness entered into an "Agreement Between Friends," in which Blank agreed to lend $250,000 to Ness, and Ness agreed to repay that amount, without interest, within two months of his receipt of the money. (Agreement, ECF No. 10-2.) The agreement was signed by both Blank and Ness on March 11, 2014. (*Id.*) The agreement recites that its governing law is that of the State of Louisiana. (*Id.*) The money was transferred by wire to Ness on March 12, 2014. (TAC ¶ 75.) Although somewhat oddly worded, the agreement is unambiguous and constitutes a promissory note. Ness admits he did not pay the loan when due—two months after Ness's receipt of the money was May 11, 2014—and he was thus in default. He has paid some of the money back since the due date, and the parties agree the remaining principal owed is $202,000.

Blank has established the elements of breach of promissory note. *See Nat'l Collegiate Student Loan Tr. 2003-1 v. Thomas*, 129 So. 3d 1231, 1233-34 (La. Ct. App. 2013) ("Plaintiff establishes a *prima facie* case to enforce a promissory note where plaintiff 1) produces and presents the note into evidence; 2) shows that it was signed by the defendant; [and] 3) that the defendant has defaulted . . . ."). Thus, judgment will be entered in Blank's favor on the principal amount of the loan.

Although the agreement recites that the parties to the loan agreement are not only Blank and Ness but also their "respective heirs and legal representatives," Blank has presented no authority for the notion that anyone other than the signatories is a party to the promissory note.[1] Consequently, to the extent that *both* David and Sandra Blank seek judgment in their favor on the unpaid balance of the promissory note, the Court finds no basis to award judgment for Sandra Blank on the first count. Judgment will only be entered in favor of David Blank on this count.

The real disagreement between the parties as to Plaintiffs' motion is Blank's assertion of an entitlement to prejudgment interest on the amount in default. The agreement states in pertinent part, "The Borrower will repay the same Loan Amount ($250,000.00) without interest within two months from the Date these funds are received in the Borrower's account." (Agreement 1.) It also states, "[A]t the end of two (2) months from the time of execution of the Loan, if there is any unpaid debt, then the terms of the Loan will either be by mutual agreement renegotiated or considered in Default." (Agreement 2.)

Ness recites Louisiana law for the proposition that "[i]nterest is recoverable on debts arising *ex contractu* from the time they become due, *unless otherwise stipulated.*" (Def.'s Opp'n 6 (citing *Corbello v. Iowa Prod.*, 850 So. 2d 686, 706 (La. 2003), *superseded on other grounds by statute as stated in State v. La. Land. & Explor. Co.*, 110 So. 3d 1038 (La. 2013).)

---

[1] This case does not involve an assignment of the note.

3

From that proposition, Ness posits that since the agreement gave him an interest-free loan, Blank is not entitled to prejudgment interest after the default. Ness misinterprets Louisiana law.

The allowance of prejudgment interest is set forth in Louisiana's Civil Code:

> When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by R.S. 9:3500. The obligee may recover these damages without having to prove any loss, and whatever loss he may have suffered he can recover no more.

La. Civ. Code Ann. art. 2000 (2018).

The rate of legal interest is set "[a]t the rate fixed in R.S. 13:4202 on all sums which are the object of a judicial demand, whence this is called judicial interest." La. Stat. Ann. § 9:3500 (2018). In turn, the rate of legal interest for a lawsuit pending or filed on or after January 1, 2002, is "three and one-quarter percentage points above the discount rate as ascertained by the commissioner" and is "published in the . . . Louisiana Bar Journal." La. Stat. Ann. § 13:4202 (2018). The judicial interest rate for 2018 is five percent. Louisiana State Bar Association, https://www.lsba.org/NewsArticle.aspx?Article=f1e3eb78-7b6f-4e7d-9df1-95c7f649aa9b (accessed Aug. 10, 2018).

Although the parties agreed the two-month period *before* the payment-due date was interest-free, the agreement cannot be reasonably interpreted as addressing the rate of interest *after* that date. The agreement is silent on the interest rate to be imposed after default. Thus, "in the absence of agreement," the note holder, Blank, is entitled to the legal interest rate "as fixed by [La. Stat. Ann. § 9:3500]" from the date of default. La. Civ. Code Ann. art. 2000 (2018). *See Rainbow Gun Club, Inc. v. Denbury Res., Inc.*, 2018 WL 2326189 at *4, No. 17–997 (La. Ct.

App. May 23, 2018) (awarding judicial interest rate from date of breach of contract). The legal interest rate applicable in this case is five percent.[2]

## IV. Conclusion

Judgment will be entered in Blank's favor on the first count for the principal amount of $202,000 and interest of five percent from May 11, 2014, to the date of this judgment, which will be entered by separate order.

DATED this ___10___ day of August, 2018.

BY THE COURT:

*/s/ James K. Bredar*
James K. Bredar
Chief Judge

---

[2] Blank has requested an award of eight percent, but he does not explain from whence he derives that figure. It is not the rate of interest allowed under Louisiana law, which governs the agreement.